UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KIMBERLY C.,

                          Plaintiff,

v.                                          CASE # 1:21-cv-01032

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

_____

APPEARANCES:                            OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                             MELISSA M. KUBIAK, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the

Commissioner is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this order.

## I.  RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born on March 16, 1974 and has at least a high school education. (Tr. 283, 289). Generally, plaintiff's alleged disability at the time of application was depression, posttraumatic stress disorder (PTSD), anxiety, attention deficit hyperactivity disorder (ADHD), bipolar, and a learning disability. (Tr. 288). Her alleged onset date of disability was September 15, 2015, and her date last insured was March 31, 2016. (Tr. 283).

### B.  Procedural History

On May 24, 2018, plaintiff protectively applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act and a period of Disability Benefits (SSD) under Title II of the Social Security Act. (Tr. 232, 239). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On April 23, 2020, plaintiff appeared telephonically before ALJ Christine Cooke, but it was adjourned for plaintiff to obtain representation. (Tr. 66-78). On August 4, 2020, another hearing was adjourned for lack of representation. (Tr. 61-65). Finally, a full hearing was conducted on November 17, 2020. (Tr. 31-59). On December 24, 2020, ALJ Cooke issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-25). On August 11, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions

of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.
2. The claimant has not engaged in substantial gainful activity since September 15, 2015, the amended alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: morbid obesity status post gastric bypass generalized anxiety disorder; PTSD; bipolar disorder; and arthralgias (20 CFR 404.1520(c) and 416.920(c)).

4. Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Claimant is able to sit for 6 hours out of 8 hours; and she can stand and walk for 6 hours out of 8 hours. Claimant is able to lift, carry, push, or pull 10 pounds frequently and up to and including 20 pounds occasionally. Claimant should never climb ladders, ropes, or scaffolding, kneel, crouch, or crawl. She can occasionally climb stairs or ramps and stoop but not repetitively. Claimant should never be exposed to hazards, such as dangerous machinery and unprotected heights. Duties should be consistently the same with little or no change. Claimant is able to concentrate and persist for 2 hours at a time before requiring a break of 10 to 15 minutes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 16, 1974, and was 41 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-25)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Argument

Plaintiff argues the ALJ erred when she failed to tether the highly specific RFC to medical evidence of record. (Dkt. No. 5 [Pl's Mem. of Law]).

### B.    Defendant's Arguments

In response, defendant broadly argues the RFC was supported by substantial evidence. (Dkt. No. 6 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant

4

will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.        **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.    **ANALYSIS**

Plaintiff argues that the ALJ's highly specific RFC was not supported by substantial evidence. (Dkt. No. 5). An ALJ must conduct a distinct analysis that would permit adequate review on appeal, and each of the ALJ's conclusions must be supported by relevant medical evidence. *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). This is especially true in highly specific RFC assessments, where an ALJ determines the specific amount of time a claimant can spend on certain activities. *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019) (remanding where ALJ made highly specific finding that plaintiff could stand for one to two minutes after standing 60 minutes). When an ALJ does not connect the evidence of record and RFC findings, or otherwise explain how the record evidence supported her RFC findings, the decision leaves the court with unanswered

questions and does not afford an adequate basis for meaningful judicial review." *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018).

Here, the ALJ found that plaintiff could concentrate and persist for two hour increments before requiring a break of 10 to 15 minutes. (Tr. 19). The ALJ's only explanation for the limitation was that by "limiting claimant to concentration and persistence for two hours at a time before receiving a break, as outlined in the residual functional capacity herein, the undersigned has adequately addressed claimant's psychological symptoms." (Tr. 21). No opinion in the record included that non-exertional limitation and the ALJ did not cite any evidence to connect the highly specific increments to the record.

A very specific RFC assessment, such as the specific amount of time a claimant can spend on certain activities, must be based on evidence in the record and not on the ALJ's own surmise. *Cosnyka v. Colvin*, 576 Fed.App'x. 43, 46 (2d Cir. 2014) (summary order). Without some explanation from the ALJ to the tether between her RFC and the medical opinions or statements from plaintiff, the RFC is based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand. *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018). If a record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation. *See, e.g., Bryant v. Berryhill,* 2017 WL 2334890, at *4 (W.D.N.Y. May 30, 2017) (holding that "several refences in the record," including the claimant's conflicting reports about the length of time he could sit or stand—some indicating 10 to 15 minutes at a time and others indicating 30 minutes at a time— allowed the ALJ to "reasonably conclude[] that [claimant] could sit for 30 minutes and stand for 15 minutes"). But that is not the case here.

Defendant repeatedly contends the Commissioner need only show that substantial evidence supports the ALJ's decision, however defendant was not able to cite any evidence supporting the highly specific RFC, directly or indirectly. Indeed, the opinion evidence relied upon by defendant was Dr. Santarpia's statement that there were no limitations in understanding, remembering, and applying complex instructions; making work-related decisions; interacting adequately with supervisors, co-workers, and the public; and sustaining concentration and performing a task at a consistent pace; as well as sustaining an ordinary routine and regular attendance at work. (Dkt. No. 6 at 15 *referring to* Tr. 593). However, this is not substantial evidence to support the ALJ's highly specific RFC and therefore remand is appropriate. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

While consultative examiner Dr. Santarpia included no off-task or concentration limitations in her opinion, plaintiff's treating psychiatric nurse practitioner opined plaintiff was unable to meet competitive standards in the areas of completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number of breaks and lengthy rest periods. NP Pfalzer opined that plaintiff was "seriously limited" in her ability to maintain attention for two hour segments; maintain regular attendance and be punctual within customary, usually strict tolerances; and sustain an ordinary routine without special supervision. (Tr. 1002). The ALJ found that opinion unpersuasive but did not explain how she resolved the conflict between the two opinions and arrived at a specific finding that was contrary to both opinions.

This error is not harmless because the vocational expert testified that employers would tolerate no more than 15 percent of off-task time for any reason during the workday. (Tr. 57).

Therefore, if the ALJ found plaintiff would need a 10 to 15 minute break every 90 minutes of work, that would equate to off-task time of 12 to 17 percent of the workday. (*See Edwards v. Comm'r of Soc. Sec.*, 2020 WL 4784583 (W.D.N.Y. Aug. 18, 2020) (noting that the percent of off-task time was "absolutely critical" to the disability determination where the vocational expert testified that if the off-task time was 10 percent or more, the limitation would be "work preclusive" and accordingly, "the Court cannot say that the ALJ's failure to tether the percent of off-task time to evidence in the record was harmless error.")). The ALJ's arbitrary conclusion that plaintiff would be able to work two hours before needing a 10 to 15 minute break is simply not supported by evidence in the record. The Court is unable to engage in any meaningful review of the RFC as there is no way to determine how the ALJ arrived at the specific RFC finding and what she based it on other than her own lay interpretation of evidence. Further factfinding would "plainly help to assure" the proper disposition of Casler's claim. *See Rose v Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

**ACCORDINGLY**, it is

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED;** and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED;** and it is further

ORDERED that this matter is REMANDED pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: November 13, 2023          *J. Gregory Wehrman*
Rochester, New York               HON. J. Gregory Wehrman
                                  United States Magistrate Judge